UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **RODNEY WORLEY and 500 MEMORIAL DRIVE, LLC,** | **CASE NO. 5:23-CV-156-KKC** |
| **Plaintiffs,** | |
| V. | **OPINION AND ORDER** |
| **500 MEMORIAL DRIVE KENTUCKY, LLC and ZALMAN SKOBLO,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiffs Rodney Worley and 500 Memorial Drive, LLC's motion to remand (DE 4) and defendant Zalman Skoblo's motion to dismiss. (DE 8.) The Court addresses each of the motions in turn.

I. **Background**

Plaintiffs Rodney Worley and 500 Memorial Drive, LLC (together, "Plaintiffs") filed their initial complaint against defendants 500 Memorial Drive Kentucky, LLC and Zalman Skoblo (together, "Defendants") in Jessamine Circuit Court. Plaintiffs served process on Defendants via the Kentucky Secretary of State (the "Secretary of State") under Kentucky's long-arm statute, KRS § 454.210(3), on March 16, 2023. (DE 4 at 3.) Pursuant to the statute, the Secretary of State mailed copies of the summons and complaint to both Defendants at 5014 16th Avenue, Suite 9, Brooklyn, New York 11204 ("5014 16th Avenue"). (*Id.*) United States Postal Service tracking information indicated that the documents were delivered on March 20, 2023. (*Id.*) The Secretary of State returned notice of the green card receipts to Jessamine Circuit Court on March 28, 2023. (*Id.*) The green cards were unsigned. (DE 4-2.)

Defendants filed a Joint Notice of Removal on May 23, 2023, which claimed diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 because "the amount in controversy exceeds the sum of $75,000.00 . . . and the action is between citizens of different states." (DE 1.) In response, Plaintiffs filed their motion to remand and argue that remand is proper because Defendants failed to file their joint notice of removal within 28 U.S.C. § 1446(b)'s thirty-day removal period. (DE 4 at 4.) Defendants subsequently filed a response to the motion to remand and Plaintiffs filed a reply. (DEs 9-10, 12.)

Additionally, Skoblo filed a motion to dismiss the claims against him for insufficient service of process under Fed. R. Civ. P. 12(b)(5). (DE 8.) He argues that (1) the address that Plaintiffs attempted service at is not associated with him personally; (2) he had never been served at any address associated with him personally; and (3) he had no notice of the lawsuit until 500 Memorial Drive Kentucky, LLC's ("Memorial Kentucky") Delaware agent informed him of Plaintiff's Complaint. (*Id.*)

**II.  Analysis**

**A.  Motion to Remand**

Plaintiffs do not argue that there is no diversity jurisdiction in this case. Instead, they argue that Defendants failed to follow removal procedure as established in 28 U.S.C. § 1446(b). This statute states that: "The notice of removal of a civil action or proceeding shall be *filed within 30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added). Plaintiffs claim that because the Secretary of State made its return of the green cards on March 20, 2023, Defendants only had until April 21, 2023 to file their notice of removal. Because Defendants did not file their joint notice of removal until May 23, 2023, Plaintiffs argue that § 1446(b)

requires remand to state court. This case is not as straightforward as that.

"[A]s a matter of fairness to later-served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (Ky. Ct. App. 1999). The timing requirements for the removal of civil cases "is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (quotation marks and citations omitted).

The Kentucky long-arm statute allows service of process to be made on the Secretary of State, who is deemed the statutory agent for out-of-state defendants. KRS § 454.210(3)(a)(3). Further, the Kentucky long-arm statute states:

> (c) The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. *Summons shall be deemed to be served on the return of the Secretary of State* and the action shall proceed as provided in the Rules of Civil Procedure.

KRS § 454.210(3)(c) (emphasis added). Accordingly, service of process is not complete until the date of return to the Secretary of State. *See Ashford v. Bollman Hat Co.*, No. 10-192-JBC, 2011 WL 127153 (E.D. Ky. Jan. 14, 2011) (finding service was properly effectuated when the Secretary made its return).

Here, the Secretary of State made its return to the state circuit court on March 28, 2023. In most cases, the thirty-day period to file a notice of removal would start ticking then and there—but Defendants argue that Plaintiffs provided the Secretary of State with

the wrong address for service on Skoblo. Defendants claim that the address that Plaintiffs gave to the Secretary of State, 5014 16th Avenue, is not associated with Skoblo personally. This distinction is meaningful.

"Kentucky law determines the validity of service in state court prior to the defendant's removal." *Ashford*, 2011 WL 127153, at *2 (citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010)). Further, plaintiffs bear the burden of showing that proper service was made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Kentucky's long-arm statute is silent in regard to the issue of service when the wrong address is provided to the Secretary of State, but this Court finds it unlikely that the Kentucky legislature meant for this extension of personal jurisdiction over non-Kentucky residents to do away with well-established rules regarding service of process under state law. In reviewing Kentucky's nonresident motorist statute—which provides for service of summons similar to KRS § 454.210—the Supreme Court of Kentucky held that the statute "require[ed] that the nonresident's *correct address* be furnished to the secretary of state." *Begley v. Kilburn*, 545 S.W.2d 926, 927 (Ky. 1976) (emphasis added); *see also* KRS § 188.030. Plaintiffs cannot provide the wrong address and then hide from its deficient service using KRS § 454.210(3).

Reviewing the record, the Court finds that Plaintiffs provided the wrong address for Skoblo's summons to the Secretary of State. Plaintiffs point out that Defendants provided an address for Skoblo that was merely affiliated with Memorial Kentucky; the address was not "a registered place of business nor a location exclusively occupied by Memorial Kentucky." (DE 9 at 5.) They contend that the address was "essentially a privately owned P.O. box" that "received mail for a number of different clients[.]" (*Id.*) They argue that 5014 16th Avenue was not a company address, was not an official place of business, and it was

4

"no longer monitored by Skoblo or anyone else associated with Memorial Kentucky a year after" the company's principal asset was sold. (*Id.* at 6.) Skoblo stated, under penalty of perjury, that 5014 16th Avenue was not his residence nor his office and that he does not receive personal mail at that mailbox. (*Id.*) In fact, he provides his home address in a sworn declaration. (DE 1-2 at ¶ 3.)

Plaintiffs argue that because they provided an address associated with Memorial Kentucky and Skoblo is one of only two members of the company, "it seems impossible that nobody at his company offices . . . informed him that he had any certified mail." (DE 4 at 10.) They further argue that "[i]t seems . . . impossible that in the intervening 43 (Forty-Three) days between the date of delivery of the certified mail and his claimed awareness of the litigation on May 2, 2023, that he had no knowledge that this certified mail had been delivered." (*Id.*) Yet, under the penalty of perjury, Skoblo expressly states that he "only learned of this lawsuit after being notified by Memorial Kentucky's Delaware agent on May 2, 2023." (DE 1-2 at 1.) Plaintiffs have provided no evidence that Skoblo knew about the lawsuit beyond their own assumptions. Even if Skoblo knew of the lawsuit, Plaintiff have provided no evidence that he knew that he was personally named. Accordingly, the Court finds that Plaintiffs failed to meet their burden to show that proper service was made.

Because Plaintiffs failed to provide the correct address for Skoblo to the Secretary of State, they failed to meet the statutory requirements of KRS § 454.210(3) and the thirty-day period to file a notice of removal under 28 U.S.C. § 1446(b) did not start running when the Secretary of State made its return to state circuit court on March 28, 2023. "Actual receipt of formal service by the defendant, or a privately appointed agent or employee authorized to accept service, triggers the removal period." *Ashford*, 2011 WL 127153, at *2 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999)). Skoblo

5

declared under penalty of perjury that he did not receive notice of the lawsuit until May 2, 2023. (DE 1-2 at 1.) Accordingly, Defendants properly filed their Joint Notice of Removal on May 23, 2023 and remanding to state court on procedural grounds would be improper.

### B. Motion to Dismiss

Skoblo argues that, under Fed. R. Civ. P. 12(b)(5), the claims against him should be dismissed for insufficient service of process. (DE 8 at 1.) He argues that Plaintiffs failed to provide the correct address when attempting service of process under Kentucky's long-arm statute and that necessitates the dismissal of the claims. While the Court finds that Plaintiffs did provide the wrong address and remand to state court is inappropriate here, outright dismissal of the claims against Skoblo is not appropriate either.

"In all cases removed from any State court to any district court . . . in which any one or more of the defendants has not been served with process . . . or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 18 U.S.C. § 1448. The Federal Rules of Civil Procedure provide that: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). Here, it has been more than 90 days since the complaint was filed on March 8, 2023. (DE 1-1.)

The Court will deny Skoblo's motion to dismiss under Rule 12(b)(5). There is a preference for federal courts to decide cases on the merits. Plaintiffs believed that they provided the correct address for Skoblo under Kentucky's long-arm statute,[1] and Skoblo has

---

[1] The Court can understand Plaintiffs' argument for why they believed they had the correct address for service of process. Plaintiffs provided the Secretary of State with a mailing

provided his home address in his Declaration. (DE 1-2 at ¶ 3.) For these reasons, the Court finds it appropriate to provide Plaintiffs with the opportunity to serve Skoblo at the correct address pursuant to 18 U.S.C. § 1448 and the Federal Rules of Civil Procedure.

### III.     Conclusion

Accordingly, the Court hereby ORDERS that:

1)     Plaintiffs' motion to remand (DE 4) is DENIED;

2)     Skoblo's motion to dismiss (DE 8) is DENIED;

3)     within fourteen (14) days of the entry of this filing, Plaintiffs SHALL SERVE Skoblo at the correct address pursuant to the Federal Rules of Civil Procedure, including Rule 4(b).

This 8th day of January, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

address associated with Memorial Kentucky, which Skoblo has a 60% ownership stake in and is one of only two members. (DE 4 at 3.) While the address was nevertheless incorrect for service of process under KRS § 454.210(3), the Court finds it inappropriate to dismiss Plaintiffs' claims against Skoblo outright.