UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **RODNEY WORLEY,** *et al.*, | CASE NO. 5:23-CV-156-KKC |
| **Plaintiffs,** | |
| v. | **OPINION AND ORDER** |
| **500 MEMORIAL DR KENTUCKY, LLC,** *et al.*, | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on Defendant Zalman Skoblo's motion to dismiss. (DE 18.) Skoblo asserts that Rodney Worley and 500 Memorial Drive, LLC (collectively, "Plaintiffs") failed to follow the Court's January 8, 2024 Order to effectuate service on Skoblo under the Federal Rules of Civil Procedure. For the following reasons, the Court will grant his motion to dismiss.

I. BACKGROUND

After this Court resolved a prior service dispute in this action, it ordered that "Plaintiffs SHALL SERVE Skoblo at the correct address pursuant to the Federal Rules of Civil Procedure, including Rule 4(b)." (DE 14 at 7.) Plaintiffs were given fourteen (14) days to effectuate this service. (*Id.*) At the end of this fourteen-day period, Plaintiffs asked the Court to grant them a twenty-day extension to effectuate service. (DE 15.) The Court, in its discretion, granted Plaintiffs this additional time. (DE 16.)

Rather than issuing summons through the Clerk of this Court pursuant to the federal rules, Plaintiffs served Skoblo with state-court summons. (DE 15-1.) They ultimately failed to properly serve Skoblo under federal rules within the given period and extension provided by the Court. Now, Skoblo moves the Court to dismiss him as a party to

this action for insufficient service of process and failure to follow the Court's order.

## II. ANALYSIS

Federal Rule of Civil Procedure 4(b) instructs the plaintiff to present a summons to the Clerk of the Court, who then signs, seals, and issues it to the plaintiff for service on the defendant. "A summons . . . must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). In its January 8, 2024 Order, this Court expressly instructed Plaintiffs to follow this rule, among others, in effectuating its service on Skoblo. (DE 14 at 7.) Plaintiffs have conceded that this order was not followed in its response to the pending motion to dismiss. (DE 20 at 1 ("Plaintiffs inadvertently had summonses issued by the Jessamine Circuit Court, as opposed to this Court, and Skoblo was served with process of the state court action on January 20, 2024.").)

Skoblo argues that he should be dismissed from this case for insufficient process and service of process under Rule 12(b)(4) and 12(b)(5). Rule 4(m) instructs that service must be completed within 90 days after the complaint is filed; otherwise, the Court must dismiss the action without prejudice. Plaintiffs failed to complete service within 90 days of both the original filing and the subsequent removal. Nevertheless, the Court gave Plaintiffs another chance to properly serve Skoblo with process. (DE 14.) The Court even granted Plaintiffs' request for more time to serve Skoblo after it failed to do so within the given timeframe. (DE 16.) And yet, Plaintiffs still failed to serve Skoblo with process under the federal rules and admit as much in their response to the motion to dismiss.

Plaintiffs attempt to argue that because Skoblo "has had notice of this action for months and has even filed a prior Motion to Dismiss and has engaged in extensive motion practice[,]" there "is a valid argument" that he has been properly served. (DE 20 at 1.) This argument is far from valid. Rule 4 governs process and service of process in federal civil

cases. By their own admission, Plaintiffs did not follow these rules and instead relied on state-court summons for Skoblo. The Court would be justified in dismissing Skoblo from this action without prejudice on those grounds alone.

Skoblo, however, also argues that Rule 41(b) should apply to these facts and that the Court should grant his motion to dismiss with prejudice. Rule 41(b) states that: "If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This dismissal "operates as an adjudication on the merits." *Id.* The Court is not inclined to grant Skoblo's dismissal pursuant to this rule at this juncture.

Under Rule 41(b), courts must consider: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). As Skoblo notes, no single factor is dispositive. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).

First, the record does not reflect that Plaintiffs' failure to follow the Court's previous order regarding service of process was the result of willfulness, bad faith, or fault. Plaintiffs specify that it "inadvertently had summonses issued by the Jessamine Circuit Court[.]" (DE 20 at 1.) Since then, Plaintiffs have served Skoblo with process pursuant to the federal rules. (*See* DE 25.) This factor weighs against dismissal with prejudice.

Second, Skoblo has not been prejudiced by Plaintiffs' failure to comply with the Court's order regarding service of process. Skoblo has known about this action for months, as Plaintiffs note, and he primarily renewed his arguments for insufficient process and

service of process in his motion to dismiss. This factor, too, weighs against dismissal with prejudice.

Third, while there is a clear implication that Skoblo would be dismissed from the action if Plaintiffs failed to serve him correctly, the Court did not expressly state as much in its order. The Court views this as a factor of neutral weight and not supporting either party's argument.

Fourth, the Court finds that lesser sanctions are more appropriate in these circumstances. The Sixth Circuit has explained that "[t]he sanction of dismissal [under Rule 41(b)] is appropriate if . . . *no alternative sanction* would protect the integrity of the pretrial process." *Mulbah*, 261 F.3d at 594. Dismissing Skoblo with prejudice under this Rule is a harsh punishment when considering the above factors. Skoblo has known about this action for some time and has only sought to attack his attachment to it through claims of insufficient process. The Court finds that dismissal without prejudice pursuant to Rules 12(b)(4) and 12(b)(5) is the appropriate course of action in this matter.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) Skoblo's motion to dismiss (DE 8) is GRANTED without prejudice; and

2) Skoblo is DISMISSED as a party in this action.

This 6th day of June, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY