UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **RODNEY WORLEY,** *et al.*, | CASE NO. 5:23-CV-156-KKC |
| **Plaintiffs,** | |
| v. | **OPINION AND ORDER** |
| **500 MEMORIAL DR KENTUCKY, LLC,** *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Zalman Skoblo's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 40.) Being fully briefed, this motion is ripe for review.

**I.    BACKGROUND**

This action arose from the execution of a Contract for Purchase and Sale (the "Contract") between Plaintiff Rodney Worley ("Worley") and Defendant 500 Memorial Dr. Kentucky, LLC ("Memorial Kentucky") to acquire real property located at 500 Memorial Drive, Nicholasville, Kentucky (the "Property"). Worley agreed to purchase the Property for $4 million. Later, he assigned his rights under the Contract to Plaintiff 500 Memorial Drive, LLC ("500 Memorial") and closed the transaction.

At the time of the sale, however, the Property was leased by Dry Care, LLC ("Dry Care"). Plaintiffs assert that Memorial Kentucky represented that it had entered into a lease with Dry Care on February 17, 2022 (the "February 17 Lease") and that it was in full effect at the time of closing. But after Plaintiffs purchased the Property, Dry Care insisted that it was not bound by the February 17 Lease and that a different lease dated February 21, 2022 (the "February 21 Lease") was in full force and effect. Plaintiffs assert that Defendant Zalman Skoblo ("Skoblo"), as the owner of Memorial Kentucky, later executed a sworn affidavit stating that there was no binding and enforceable February 17 Lease.

Plaintiffs claim that they closed on the Property without knowledge that the February 17 Lease

was not in effect or that the February 21 Lease existed. They eventually brought an action against Memorial Kentucky and Skoblo in state court, but Skoblo removed the action to federal court. (DE 1.) This Court dismissed Skoblo from the action without prejudice for lack of service (DE 26), and Plaintiffs subsequently amended the complaint to join Skoblo again and properly serve him with process. (DE 32.) The Amended Complaint includes the following claims: (1) breach of contract; (2) fraud; (3) unjust enrichment; and (4) punitive damages and attorney's fees. (*Id.*) Now, Skoblo moves to dismiss the claims against him in his individual capacity. (DE 40.)

II.     ANALYSIS

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief and to give the defendant notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Skoblo presents four arguments in support of his motion to dismiss: (1) all claims fail because he was not a party to the Contract in his individual capacity and the complaint does not attempt to pierce the corporate veil; (2) claims for breach of contract, unjust enrichment, and fraud fail because the validity and effect of the February 17 Lease was not a material term to the Contract; (3) Worley lacks contractual privity with Skoblo or Memorial Kentucky and thus has no standing to pursue claims in his individual capacity; and (4) claims for punitive damages and attorney's fees are not independent causes of action. (DE 40 at 4.) Because Plaintiffs fail to allege a theory of corporate veil piercing, the Court will decline to address Skoblo's remaining arguments for dismissal.

Courts are generally reluctant to disregard the corporate entity. *Holsclaw v. Kenilworth Inc. Co.*,

644 S.W.2d 353 (Ky. App. 1982); *United States v. WRW Corp.*, 778 F. Supp. 919, 923 (E.D. Ky. 1991). Under Kentucky law, members of an LLC enjoy limited liability "in regard to the debts and obligations of the LLC." *Racing Inv. Fund 2000 v. Clay Ward Agency*, 320 S.W.3d 654, 656 (Ky. 2010). Members of LLCs thus avoid personal liability for their company's contracts unless a plaintiff demonstrates it is appropriate for a court to engage in corporate veil piercing. *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 155 (Ky. 2012). It is, however, well settled law that an LLC member can be "personally liable for a tort committed by him although he was acting for the [LLC]." *Peters v. Frey*, 429 S.W.2d 847, 849 (Ky. 1968).

At the pleading stage, a plaintiff must plead sufficient facts to impute personal liability to a defendant when the defendant is being sued under a contract entered by an LLC of which the defendant is a member. In Kentucky, this requires plaintiffs to plead facts which satisfy a two-pronged veil piercing test. For the first prong, a plaintiff must plead facts which show "domination of the corporation [by the defendant] resulting in a loss of corporate separateness." *Inter-Tel Techs., Inc.*, 360 S.W.3d at 155. For the second prong, a plaintiff must plead facts which show "circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Id.* To fail to allege a theory of corporate veil piercing in the complaint is fatal to an action. *See Nat'l Res. And Env't Prot. Cabinet v. Williams*, 768 S.W.2d 47, 50-51 (Ky. 1989).

Here, Plaintiffs explicitly admit that they "have not [pleaded] a claim for piercing the corporate veil of Memorial Kentucky." (DE 41 at 6.) Plaintiffs then explain that they currently have no evidence to support such an allegation, but they might after discovery. (*Id.* at 7.) In the event that the Court grants Skoblo's motion to dismiss, however, Plaintiffs state that "dismissal **must** be without prejudice." (*Id.* (emphasis added).) Plaintiffs, citing no authority for this claim, are incorrect. Given that Plaintiffs admit that they did not attempt pierce the corporate veil in the Amended Complaint, and dismissal under Rule 12(b)(6) operates as an adjudication on the merits, see Fed. R. Civ. P. 41(b), the Court will grant Skoblo's motion to dismiss and dismiss him from this matter with prejudice.

III.     **CONCLUSION**

For the aforementioned reasons, the Court hereby ORDERS as follows:

1)      Skoblo's motion to dismiss (DE 40) is GRANTED; and

2)      the claims asserted against Skoblo in the Amended Complaint are DISMISSED WITH PREJUDICE and, accordingly, Skoblo is dismissed as a party in this action.

This 6th day of February, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY